Roderick Glen Johnson v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-142-CR

     RODERICK GLEN JOHNSON,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 338th District Court
Harris County, Texas
Trial Court # 795,104
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      A jury found Roderick Glen Johnson guilty of murder. The jury found that he committed the
offense “under the immediate influence of sudden passion” and sentenced him to twelve (12)
years’ imprisonment. See Tex. Pen. Code Ann. § 19.02(d) (Vernon 1994). In two points,
Johnson contends that the trial court erred by refusing to grant him a mistrial following the
prosecutor’s improper comment on his post-arrest silence in violation of the Fifth and Fourteenth
Amendments to the United States Constitution and article I, section 10 of the Texas Constitution.
Background Facts
      There were six eyewitness accounts of the altercation between Johnson and the victim. 
Johnson himself testified that he had a physical altercation with the victim. He testified that during
the fight, the victim retrieved a bottle from across the street and began running back towards him. 
Johnson said that he then reached back and picked up a gun and fired it, killing the victim. At
least three other eyewitnesses to the shooting testified that they did not see a bottle, glass, or other
weapon in the victim’s hand. At trial, Johnson admitted to shooting the victim, but argued he
acted in self-defense. 
Post-Arrest Silence
      A comment on a defendant’s post-arrest silence violates the rights of the accused under the
Fifth Amendment of the United States Constitution and article I, section 10 of the Texas
Constitution. See Doyle v. Ohio, 426 U.S. 610, 618, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976);
Dinkins v. State, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995); Sanchez v. State, 707 S.W.2d
575, 582 (Tex. Crim. App. 1986); Mendoza v. State, 959 S.W.2d 321, 324 (Tex. App.—Waco
1997, pet. ref’d). Under the U.S. Constitution, the State cannot use the post-arrest silence of an
accused, after assurances such as Miranda warnings, to impeach an explanation subsequently
offered at trial. See Doyle, 426 U.S. at 618, 96 S.Ct. at 2245. The Texas Court of Criminal
Appeals has determined that, in addition to the Doyle prohibition, post-arrest, pre-Miranda silence
also may not be used against an accused at trial. See Sanchez, 707 S.W.2d at 582.
      During the State’s cross-examination of Johnson, the following exchange occurred:
Q (Prosecutor): And when you were at the homicide office several hours after the
shooting you had the opportunity to talk to the detectives; is that correct?
 
A (Johnson): I had the opportunity to what?
 
Q: To talk to the detectives; Is that correct? They took you into a room and they asked
you . . . they told you your rights and they asked you if you wanted to tell them what
happened.
 
A: They read me my rights later, but, yes, they asked me repeatedly to tell them what
happened.
 
Q: And at that time you did not take the opportunity to tell them that the defendant (sic)
had come toward you with a weapon, did you? 

(Emphasis added). At this time, Johnson’s counsel objected and the trial court sustained his
objection. The court then instructed the jury: “Ladies and gentlemen, please disregard the last
question by the prosecutor.” Johnson’s request for a mistrial was denied by the court. The
prosecutor did not again comment on Johnson’s post-arrest silence during cross-examination or
closing argument.
      The record clearly shows that the State improperly commented on Johnson’s post-arrest
silence in violation of the United States and Texas Constitutions. We now consider whether the
trial court’s instruction cured the prejudice.
Did the Instruction Cure the Prejudice?
      Potential prejudice resulting from a question concerning post-arrest silence might be cured by
an instruction to disregard. See Waldo v. State, 746 S.W.2d 750, 754 (Tex. Crim. App. 1988). 
An instruction to disregard will be presumed effective unless the facts of the case suggest the
impossibility of removing the impression produced on the minds of the jury. Id.; see also Veteto
v. State, 8 S.W.3d 805, 811 (Tex. App.—Waco 2000, pet. ref’d). The effectiveness of a curative
instruction is determined on a case-by-case basis. See Veteto, 8 S.W.3d at 811. Although not
specifically adopted as definitive or exhaustive, the courts have looked to several factors to
determine whether an instruction to disregard cured the prejudicial effect. See Waldo, 746 S.W.2d
at 754; see also Veteto, 8 S.W.3d at 811; Fletcher v. State, 852 S.W.2d 271, 275 (Tex.
App.—Dallas 1993, pet. ref’d). They are as follows: 1) the nature of the error; 2) the persistence
of the prosecution in committing the error; 3) the flagrancy of the violation; 4) the particular
instruction given; 5) the weight of the incriminating evidence; and 6) the harm to the accused as
measured by the severity of sentence. Id.
Nature of the Error
      Although the nature of the error is not such that an instruction can never cure it, a question
infringing on Johnson’s constitutionally protected rights is serious in nature. See Veteto, 8 S.W.3d
at 811. We have nothing to explain why a prosecutor would depart from the established rules and
question a defendant about his post-arrest silence. See generally Wilson v. State, 938 S.W.2d 57,
62 (Tex. Crim. App. 1996) (court unable to understand why prosecutor departed from the well
established rules for jury argument and made blatantly improper argument).
Persistence and Flagrancy
      Unlike the repeated improper comments in Veteto and Mendoza, the State did not repeat its
improper question concerning Johnson’s post-arrest silence. Veteto, 8 S.W.3d at 811; Mendoza,
959 S.W.2d at 324-25. The State did not broach this subject again during cross-examination, nor
did the State comment on Johnson’s post-arrest silence during the remainder of the trial. 
Therefore, we do not find any persistence or flagrancy by the State in the present case.
Particular Instruction Given
      The trial court instructed the jurors as follows: “Ladies and gentlemen, please disregard the
last question by the prosecutor.” The courts have found similar instructions adequate to cure the
error. See Waldo, 746 S.W.2d at 755-56 (“Jury is instructed to disregard the last comment of the
witness.”); Mendoza, 959 S.W.2d 324 (“I again instruct the jury that they will not consider the
last statement made by the State’s attorney for any purpose whatsoever.”); Fletcher, 852 S.W.2d
at 275 (“It is going to be assumed by the court that the jury is going to follow the court’s
instructions, not to consider that, and that line of questions.”). But compare Veteto, 8 S.W.3d at
811-12 (“You’ll disregard,” found to be inadequate instruction). We find the trial court’s
instruction adequate under the circumstances.
Weight of the Evidence
      The evidence is uncontradicted that Johnson shot the victim. The question at trial was
whether he acted in self-defense. Johnson claims that he shot the victim because the victim was
approaching him with what appeared to be a glass bottle in his hand. Johnson argues that his self-defense theory turns completely on his credibility as a witness, and thus, any questioning
regarding his post-arrest silence weighs heavily on the evidence and the credibility of his self-defense theory.
      Severity of Punishment
      After an affirmative finding on the special issue, the jury sentenced Johnson to twelve (12)
years’ imprisonment. The range of punishment after affirmatively answering the special issue was
two (2) to twenty (20) years’ imprisonment. Considering the nature of the offense of second-degree murder, we are unable to conclude that the improper question increased the severity of the
sentence. See Veteto, 8 S.W.3d at 812.
Summary of Factors
      The improper question on Johnson’s post-arrest silence is serious in nature, but not such that
an instruction cannot cure it. Id. at 811. Because the State did not repeat its question, the
instruction was adequate, and there is no indication that the jury’s verdict or sentence was
influenced by the improper question, we find that the instruction cured the prejudicial effect. 
Accordingly, the trial court did not err by overruling the motion for mistrial. Points one and two
are overruled.
      The judgment of the trial court is affirmed.

 
                                                                         REX D. DAVIS
                                                                         Chief Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed July 17, 2002
Publish
[CR25]